**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

RAMOS M. CRUZ,

                Plaintiff,

                v.

WARDEN, FCI FORT DIX, et al.,

                Defendants.

Civil Action No. 23-16879 (KMW) (EAP)

**OPINION**

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and the Court's review of Plaintiff's application to proceed *in forma pauperis.* (ECF No. 1-2.) Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application will be granted. Because Plaintiff will be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice in its entirety.

## I.    BACKGROUND

Plaintiff is a convicted federal prisoner confined in FCI Fort Dix. (ECF No. 1 at 5.) On May 5, 2020, while he was working his prison job, Plaintiff's cell was searched on suspicion that Plaintiff possessed a cell phone. (*Id.*) Although the initial search was unsuccessful, a second search by two additional guards produced several cell phones, which Plaintiff believes may have

actually come from other cells which had been searched. (*Id.* at 5-6.) Following the discovery of the phones, Plaintiff was charged with and found guilty of violating prison disciplinary rules, resulting in, *inter alia*, the loss of a number of good time credits. (*Id.*) Plaintiff contends that he was denied Due Process at the hearing when the hearing officer declined Plaintiff's request to question the officers and other witnesses during the hearing to challenge the assertion that the phones were found in Plaintiff's cell. (*Id.*) Plaintiff, based on these alleged Due Process violations, seeks to have this Court overturn his disciplinary charges, restore his good time credits, overturn his remaining disciplinary punishments, and provide him with monetary relief. (*Id* at 6-7.)

## II.    **LEGAL STANDARD**

Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A

2

complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

III. **DISCUSSION**

In this matter, Plaintiff seeks to raise a civil rights claim based on alleged violations of his Due Process rights during prisoner disciplinary hearings. In that claim, Plaintiff seeks to directly attack his disciplinary hearing and its outcome, including the loss of good time credits. A federal civil rights action, however, is not the proper vehicle for such a challenge. The Supreme Court has long held that a prisoner may not use a civil rights complaint as a means to challenge the fact or duration of his confinement. *See Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (a federal civil rights action "will not lie when a . . . prisoner challenges the fact or duration of his confinement" and a civil rights suit cannot be used by a prisoner to seek either his "immediate release" or a "shortening" of his term of confinement); *Preiser v. Rodriguez*, 411 U.S. 475, 482, 489 (1973). Indeed, the Court has extended this rule to bar not only suits directly seeking to invalidate a

prisoner's confinement or its duration, but also to cases where a plaintiff attempts to raise a claim for money damages the success of which would impugn the validity of his confinement or sentence. *Wilkinson*, 544 U.S. at 80-82; *Heck v. Humphries*, 512 U.S. 477, 486-87 (1994). The Supreme Court has thus expressly held that a prisoner's civil rights suit "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit [including] internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of [his] confinement or its duration." *Id.* at 81-82. Included in this prohibition are "claim[s] for damages and declaratory relief brought by a . . . prisoner challenging the validity of procedures used to deprive him of good-time credits." *Razzoli v. Director, Bureau of Prisons*, 293 F. App'x 852, 856-57 (3d Cir. 2008) (quoting *Edwards v. Balisok*, 520 U.S. 641, 643 (1997)). Thus, where a prisoner seeks to attack a prison disciplinary proceeding which resulted in the loss of good time credits and seeks either the restoration of such credits or money damages based on a Due Process violation which would impugn the loss of such credits, his civil rights claim is barred unless and until he has the disciplinary proceeding overturned through prison appellate procedures or a habeas petition. *Id.*

In this matter, Plaintiff seeks to directly attack his prison disciplinary proceedings based on alleged Due Process violations. In so doing, he seeks both money damages and the restoration of his good conduct credits. Thus, his claims directly fall within the prohibition on collateral attacks on the loss good time credits via a civil rights action, and is barred unless and until he has his disciplinary charges overturned through a habeas proceeding. *Id.* Therefore, Plaintiff's complaint must be dismissed without prejudice as it is barred until such time as he has his disciplinary charges overturned.

IV.   **CONCLUSION**

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-2) shall be **GRANTED**, and Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE** in its entirety as it is barred pursuant to *Heck* and its progeny.   An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge